UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

Susan L. Ostrander Polzin              :      Case No._____
P. O. Box 2413                     :
Westerville, Ohio 43086          :
                               :
        Plaintiff,            :
                               :
v.                               :      **COMPLAINT**
                               :      **DEMAND FOR JURY TRIAL**
                               :
Barna and Company              :
c/o James I. Barna, Jr.           :
1170 Grape Rough Road        :
Oneida, Tennessee 37841      :
                               :
Barna and Company dba Jim Barna Log Systems :
c/o James I. Barna, Jr.           :
1170 Grape Rough Road        :
Oneida, Tennessee 37841      :
                               :
Log Home Builders, Inc.         :
c/o Stephen A. Marcum        :
3 Courthouse Square          :
Huntsville, Tennessee 37756   :
                               :
Valley View Cabins, Inc.        :
c/o Karen S. Thompson        :
29301 Klump Road           :
Sugar Grove, Ohio 43155      :
                               :
Eric Thompson                :
29301 Klump Road           :
Sugar Grove, Ohio 43155      :
                               :
Karen Thompson              :
29301 Klump Road           :
Sugar Grove, Ohio 43155      :
                               :
Bryan Mason                  :
3209 Straight Fork Road       :
Pioneer, Tennessee 37847     :
                               :

36274.3

1

Bryan Mason dba Mason Construction          :
3209 Straight Fork Road                     :
Pioneer, Tennessee 37847                    :
                                            :
                                            :
            Defendants.                     :

Copy to:                                    :
Ohio Attorney General                       :
Consumer Protection Division                :
30 East Broad Street                        :
17th Floor                                  :
Columbus, Ohio 43215                        :

_____

# TABLE OF CONTENTS

PARTIES ..................................................................................................................5

JURISDICTION AND VENUE ..................................................................................6

FACTUAL ALLEGATIONS COMMON TO ALL COUNTS..........................................6

Count I-Breach of Contract-Thompson/Valley View..........................................9

Count II-Breach of Contract-Log Home Builders ...........................................10

Count III-Breach of Contract-Mason...............................................................10

Count IV-Breach of Contract-Barna................................................................11

Count V-Breach of Implied Contract-Barna....................................................12

Count VI-Unjust Enrichment-Thompson/Valley View ....................................13

Count VII-Unjust Enrichment-Log Home Builders .........................................14

Count VIII-Unjust Enrichment-Mason.............................................................15

Count IX-Unjust Enrichment-Barna.................................................................15

Count X-Promissory Estoppel-All Defendants.................................................16

Count XI-Conversion-Barna/Thompson/Valley View ......................................17

Count XII-Conversion-Mason ..........................................................................18

Count XIII-Fraud-Barna/Thompson/Valley View/Log Home Builders............19

Count XIV-Fraud-Log Home Builders..............................................................20

Count XV-Fraud-Log Home Builders ..............................................................20

Count XVI-Fraud-Log Home Builders .............................................................21

Count XVII-Fraud-Barna/Log Home Builders/Thompson/Valley View ..........22

Count XVIII-Barna/Log Home Builders/Thompson/Valley View.....................23

Count XIX-Negligent Misrepresentation-
Barna/Log Home Builders/Thompson/Valley View ..........................................................24

Count XX-Negligence-Barna/Thompson/Valley View .....................................................25

Count XXI-Negligence- Barna/Log Home Builders/Thompson/Valley View..................26

Count XXII-Negligence-Mason........................................................................................26

Count XXIII-Breach of Warranty-Thompson/Valley View ..............................................27

Count XXIV-Breach of Warranty-Barna ..........................................................................28

Count XXV-Breach of Warranty-Mason ..........................................................................29

Count XXVI-Product Liability-Barna/Thompson/Valley View........................................30

Count XXVII-Product Liability-Barna/Thompson/Valley View ......................................31

Count XXVIII-Product Liability-Barna/Thompson/Valley View .....................................32

Count XXIX-Product Liability- Barna/Thompson/Valley View........................................33

Count XXX-Product Liability- Barna/Thompson/Valley View ........................................34

Count XXXI-Negligent Entrustment-
Barna/Log Home Builders/Thompson/Valley View ..........................................................35

Count XXXII-Consumer Sales Practices Act-
Barna/Log Home Builders/Thompson/Valley View ..........................................................36

Count XXXIII- Consumer Sales Practices Act-
Barna/Log Home Builders/Thompson/Valley View ..........................................................37

Count XXXIV-RICO Claim-All Defendants.....................................................................38

Count XXXV-Corrupt Activity-All Defendants................................................................41

Count XXXVI-Theft-Barna/Thompson/Valley View .......................................................42

Count XXXVII-Conspiracy-All Defendants .....................................................................43

Count XXXVIII-Tortious Interference-Barna/Log Home Builders ..................................43

DEMAND ..........................................................................................................................44

Susan L. Ostrander Polzin ("Plaintiff") for her Complaint against Barna and Company, Barna and Company dba Jim Barna Log Systems, Log Home Builders, Inc., Valley View Cabins, Inc., Eric Thompson, Karen Thompson, Bryan Mason and Bryan Mason dba Mason Construction states and alleges as follows:

## **PARTIES**

1.      Plaintiff is a natural person residing in Delaware County and the State of Ohio.

2.      Defendant Barna and Company is a Tennessee corporation with its principal place of business in Oneida, Tennessee.

3.      Defendant Barna and Company dba Jim Barna Log Systems is a Tennessee corporation with its principal place of business in Oneida, Tennessee.

4.      Defendant Log Home Builders, Inc. is a Tennessee corporation with its principal place of business in Oneida, Tennessee.

5.      Defendant Valley View Cabins, Inc. is an Ohio corporation with its principal place of business in Sugar Grove, Ohio.

6.      Defendant Eric Thompson is a natural person residing in Ohio to the best of Plaintiff's knowledge.

7.      Defendant Karen Thompson is a natural person residing in Ohio to the best of Plaintiff's knowledge.

8.      Defendant Bryan Mason is a natural person residing in Tennessee to the best of Plaintiff's knowledge.

9.      Defendant Bryan Mason dba Mason Construction is a natural person residing in Tennessee to the best of Plaintiff's knowledge.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction under 28 U.S.C. § 1331, 18 U.S.C. § 1964(a), (c) and supplemental claim and party jurisdiction as granted by 28 U.S.C. § 1367.

11.     This Court has jurisdiction over Defendants as granted by Ohio Rev. Code § 2923.34(L).

12.     Venue is proper in the Eastern District of Tennessee under 28 U.S.C. § 1391(b) because a substantial part of the events and the conduct giving rise to the claims herein asserted occurred in the Eastern District of Tennessee.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13.     In July of 2004, the Plaintiff purchased unimproved property at 7770 Sadie Thomas Road, Johnstown, Ohio to build a new residential home.

14.     On July 10, 2004, the Plaintiff purchased a log home package, including the provision of a builder, from Barna and Company, Barna and Company dba Jim Barna Log Systems and/or its distributors Eric and Karen Thompson and Valley View Cabins, Inc.

15.     A copy of the Purchase Agreement is attached hereto as Exhibit A.

16.     As part of the consideration for the purchase of the log home package, the Plaintiff also entered into a Technical Assistance Agreement with Log Home Builders, Inc.

17.     A copy of the Technical Assistance Agreement is attached hereto as Exhibit B.

18.     The materials for the construction of the log home were delivered to the Property on October 12, 2004.

19.     Pursuant to the Agreements between the Plaintiff and Log Home Builders, Inc., Log Home Builders, Inc., on its own behalf and on behalf of Barna and Company, chose Bryan Mason to build the log home purchased by the Plaintiff.

20.     Despite the written encouragement within the agreements for the Plaintiff to research the references of any builder, the Plaintiff was notified of the identity of Bryan Mason, Barna and Company's and Log Home Builders, Inc.'s chosen builder, a mere one business day prior to his arrival at the jobsite and one full week after the materials had been delivered to the jobsite.

21.     The Plaintiff and Defendant Bryan Mason entered into a Builder's Agreement on October 18, 2004.

22.     A copy of the Builder's Agreement is attached hereto as Exhibit C.

23.     The Plaintiff was newly informed by the Defendants that the "dry-in" of the home would be completed within 90 days from October 18, 2004, pursuant to the terms of the Builder's Agreement.

24.     Bryan Mason walked off the jobsite without completing his obligations under the Builder's Agreement or even the services he had already been paid for.

25.     As a result of continuous and constant breaches of the Purchase Agreement, the Technical Assistance Agreement, and the Builder's Agreement by the Defendants, the home was not completed until June 5, 2005.

26.     The "dry-in" process was finally completed by a replacement builder.

27.     Despite the Plaintiff's best efforts in the face of the myriad of breaches by the Defendants, problems continued with the construction of the log home after the "dry-in" process was completed, including, but not limited to, discovery of the use of defective and damaged

36274.3

materials provided by the Defendants, toxic mold infestation as a result of the delay in completing the "dry-in process" and the negligent and/or materially deficient remediation instructions provided by the Defendants.

28.    At all times all Defendants (hereinafter "the Barna Group") conspired together and aided and abetted each other to deprive the Plaintiff of the value of her purchase.

29.    At all times during the building of the log home, the Barna Group acted in concert and as one entity.

30.    Eric Thompson and Valley View Cabins, Inc. have breached the Purchase Agreement, by among other things, failing to provide contracted for materials, failing to provide undamaged materials and failing to replace damaged or defective materials.

31.    Log Home Builders, Inc. has breached the Technical Assistance Agreement by failing to provide the services set forth in the Agreement.

32.    The Barna Group, acted together as one entity for purposes of tortiously depriving the Plaintiff of her contractual and property rights.

33.    The Barna Group, though constructed as separate legal entities, with regards to actions taken under and breaches of the Purchase Agreement, the Technical Assistance Agreement and the Builder's Agreement acted together as one entity for the purposes of tortiously depriving the Plaintiff of her contractual and property rights.

34.    Notwithstanding representations by the Barna Group in their contracts, the Barna Group in fact conduct their business and their communications with their customers as a single integrated business without regard to their incorporation or other status.  The Barna Group, in fact, make representations, promises and denials without regard to corporate or individual status or agency status.  The Barna Group operate as if they have no knowledge of the representations

made in their contracts and either knowingly or unknowingly mislead their customers and misrepresent their status and agency capacity. Any representation of separate legal capacity or status by the Barna Group is deceptive, misleading and intended to create a legal fiction not supported by the facts surrounding the actual conduct of their business.

## COUNT I
## BREACH OF CONTRACT

35.     Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

36.     On July 10, 2004, Plaintiff entered into a contract, Exhibit A, with Defendant Eric Thompson and/or Defendant Valley View Cabins, Inc. for the purchase of certain log home products and building materials and for eight hours of technical assistance.

37.     Plaintiff paid the purchase price in full in the amount of $73,703.38 by delivery of a check, Official Check # 878455742, dated October 12, 2004 payable to Jim Barna Log Homes.

38.     Defendant Eric Thompson and/or Valley View Cabins, Inc. did not and has not yet (i) delivered all such products and materials, (ii) repaired or replaced structurally defective materials, or (iii) provided the technical assistance contracted for.

39.     Defendant Eric Thompson and/or Valley View Cabins, Inc. is in breach of said contract.

40.     As a direct and proximate result of such breach of contract, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT II
## BREACH OF CONTRACT

41.     Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

42.     On July 10, 2004 Plaintiff entered into a contract, Exhibit B, with Defendant Log Home Builders, Inc. to provide certain advice and assistance in building a log home, including, but not limited to, identifying potential replacement builders, making recommendations on timeliness of builder's performance, making recommendations on proper timing for progress payments and completing a Final Inspection.

43.     Plaintiff paid the contract price in full by check # 1518 dated October 25, 2004 in the amount of $3,087.00 payable to Log Home Builders, Inc.

44.     Defendant Log Home Builders, Inc. failed to provide the services contracted for.

45.     Defendant Log Home Builders, Inc. is in breach of said contract.

46.     As a direct and proximate result of such breach of contract, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT III
## BREACH OF CONTRACT

47.     Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

48.     On October 18, 2004, Plaintiff entered into a contract, a copy of which is attached as Exhibit C, with Defendant Bryan Mason to build a log home.

49.     Plaintiff made all partial payments that became due on the contract.

50.     Defendant Bryan Mason failed to provide the services contracted for, failed to perform in a timely manner or workmanlike manner, failed to perform to building specifications and failed to complete work before taking draw payments.

36274.3

51.     Defendant Bryan Mason is in breach of said contract.

52.     As a direct and proximate result of such breach of contract, Plaintiff has been damaged in an amount to be proven at trial.


## COUNT IV
## BREACH OF CONTRACT

53.     Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

54.     On information and belief, Defendant Barna and Company and/or Defendant Barna and Company dba Jim Barna Log Systems is a party to one or more contracts (herein referred to as "Barna Contracts") with Defendants Valley View Cabins, Inc., Eric Thompson and/or Karen Thompson establishing terms of the sale of log home products and building materials that these Defendant intend will be re-sold to consumers such as Plaintiff.

55.     Defendant Barna and Company and/or Defendant Barna and Company dba Jim Barna Log Systems sold certain log home products and building materials under the Barna Contracts that Defendants then in fact re-sold to Plaintiff under Exhibit A hereto.

56.     The parties to the Barna Contracts provided for certain undertakings by Defendant Barna and Company and/or Defendant Barna and Company dba Jim Barna Log Systems that the parties intended to pass on to Plaintiff with respect to the log home products and building materials, as represented in part by the terms of Exhibit A hereto.

57.     Thus, Plaintiff is an intended beneficiary under the Barna Contracts.

58.     Defendant Barna and Company and/or Defendant Barna and Company dba Jim Barna Log Systems failed to perform their obligations under the Barna Contracts to Plaintiff.

59.     Defendant Barna and Company and/or Defendant Barna and Company dba Jim Barna Log Systems are in breach of the Barna Contracts.

60.     As a direct and proximate result of such breach of contract, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT V
## BREACH OF IMPLIED CONTRACT

61.     Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

62.     On October 12, 2004, Plaintiff tendered a cashier's check to "Jim Barna Log Homes" in the amount of $73,703.38, which check constituted Plaintiff's offer to purchase certain log home products and building materials from Defendant Barna and Company and/or Defendant Barna and Company dba Jim Barna Log Systems.

63.     Defendant Barna and Company and/or Defendant Barna and Company dba Jim Barna Log Systems subsequently cashed said check and delivered to Plaintiff a portion of the log home products and building materials, which constituted acceptance of Plaintiff's offer.

64.     The actions of Defendant Barna and Company and/or Defendant Barna and Company dba Jim Barna Log Systems were intentional indicating an intent to enter into a contract of sale.

65.     Defendant Barna and Company and/or Defendant Barna and Company dba Jim Barna Log Systems accepted Plaintiff's check as consideration for the contract of sale.

66.     Defendant Barna and Company and/or Defendant Barna and Company dba Jim Barna Log Systems failed to provide all of the materials under the contract and provided defective materials.

67.     Defendant Barna and Company and/or Defendant Barna and Company dba Jim Barna Log Systems are in breach of said contract.

68.     As a direct and proximate result of such breach of contract, Plaintiff has been damaged in an amount to be proven at trial.


## COUNT VI
## UNJUST ENRICHMENT

69.     Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

70.     On October 12, 2004, Plaintiff tendered a cashier's check to Defendant Valley View Cabins, Inc. and/or Eric Thompson in the amount of $73,703.38 for the purchase price of certain log home products and building materials and for eight hours of technical assistance.

71.     Defendant Eric Thompson and/or Defendant Valley View Cabins, Inc. subsequently cashed said check and delivered to Plaintiff a portion of the log home products and building materials, but have failed to (i) deliver the remaining products and materials, (ii) repair or replace structurally defective materials, and (iii) provide the technical assistance contracted for.

72.     Defendant Eric Thompson and/or Defendant Valley View Cabins, Inc. have knowingly refused to deliver the remaining products and materials.

73.     Defendant Eric Thompson and/or Defendant Valley View Cabins, Inc. have knowingly retained the entire $73,703.38 paid to them by Plaintiff.

74.     Defendant Eric Thompson and/or Defendant Valley View Cabins, Inc. have thereby been unjustly enriched by their actions.

75.     As a direct and proximate result of such unjust enrichment, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT VII
## UNJUST ENRICHMENT

76.     Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

77.     On October 25, 2004, Plaintiff tendered a check in the amount of $3,087.00 payable to Log Home Builders, Inc. for the purchase of certain services, i.e. advice and assistance in building a log home, including, but not limited to, identifying potential replacement builders, making recommendations on timeliness of builder's performance, making recommendations on proper timing for progress payments and completing a Final Inspection.

78.     Defendant Log Home Builders, Inc. cashed said check.

79.     Defendant Log Home Builders, Inc. has failed to provide such advice and assistance.

80.     Defendant Log Home Builders, Inc. has knowingly failed to provide such advice and assistance.

81.     Defendant Log Home Builders, Inc. has knowingly retained the entire $3,087.00 paid to it by Plaintiff.

82.     Defendant Log Home Builders, Inc. have thereby been unjustly enriched by its actions.

83.     As a direct and proximate result of such unjust enrichment, Plaintiff has been damaged in an amount to be proven at trial.

36274.3

## COUNT VIII
## UNJUST ENRICHMENT

84.     Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

85.     On October 19, 2004, October 26, 2004, November 19, 2004, November 21, 2004, and December 15, 2004 Plaintiff tendered checks to Defendant Bryan Mason and/or Bryan Mason dba Mason Construction in the respective amounts of $5,000.00, $10,204.00, $1,000.00, $7,602.00, and $6,602.00 for the purchase of certain building construction services.

86.     Defendant Bryan Mason and/or Bryan Mason dba Mason Construction subsequently cashed said checks.

87.     Defendant Bryan Mason and/or Bryan Mason dba Mason Construction have knowingly failed to provide such building construction services, including failure to perform in a timely manner or workmanlike manner, failure to perform to building specifications and failure to complete work before taking draw payments.

88.     Defendant Bryan Mason and/or Bryan Mason dba Mason Construction have knowingly retained the entire amounts.

89.     Defendant Bryan Mason and/or Bryan Mason dba Mason Construction have thereby been unjustly enriched by their actions.

90.     As a direct and proximate result of such unjust enrichment, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT IX
## UNJUST ENRICHMENT

91.     Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

92.     On October 12, 2004, Plaintiff tendered a cashier's check to "Jim Barna Log Homes" in the amount of $73,703.38 for the purchase price of certain log home products and building materials.

93.     Defendant Barna and Company and/or Defendant Barna and Company dba Jim Barna Log Systems and/or their agents subsequently cashed said cashier's check and delivered to Plaintiff a portion of the log home products and building materials, but have failed to deliver the remaining products and materials and provided defective materials.

94.     Defendant Barna and Company and/or Defendant Barna and Company dba Jim Barna Log Systems have knowingly refused to deliver the remaining products and materials or replace the defective materials.

95.     Defendant Barna and Company and/or Defendant Barna and Company dba Jim Barna Log Systems have knowingly retained the entire $73,703.38 paid to them by Plaintiff.

96.     Defendant Barna and Company and/or Defendant Barna and Company dba Jim Barna Log Systems have thereby been unjustly enriched by their actions.

97.     As a direct and proximate result of such unjust enrichment, Plaintiff has been damaged in an amount to be proven at trial.


## COUNT X
## PROMISSORY ESTOPPEL

98.     Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

36274.3

99.     Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Valley View Cabins, Inc., Eric Thompson, Karen Thompson, Log Home Builders, Inc., Bryan Mason and/or Bryan Mason dba Mason Construction jointly and severally represented on numerous occasions that they or another of Defendants would perform certain functions, services, returns, refunds, substitutions, replacements, deliveries or other performance with respect to the log home products and building materials, the delivery of such, the construction or installation of such or the quality or performance of such, including but not limited to the toxic mold remediation.

100.    Such Defendants, jointly and severally, knew or should have known that Plaintiff reasonably and foreseeably would rely on these representations.

101.    Plaintiff relied reasonably and justifiably upon such Defendants' joint and several representations.

102.    Such Defendants' representations either intentionally or negligently were false or not performed.

103.    As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial.


### COUNT XI
### CONVERSION

104.    Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

105.    Plaintiff paid for specified construction materials that Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Valley View Cabins, Inc., Eric Thompson, and/or Karen Thompson did not deliver to Plaintiff.

36274.3

106. These construction materials constitute the property of Plaintiff.

107. Such Defendants continue to exercise dominion or control over these materials.

108. Plaintiff has demanded the delivery of the materials.

109. Such Defendants have refused to deliver the materials to Plaintiff.

110. Defendant's refusal to deliver these items is inconsistent with Plaintiff's rights of ownership.

111. As a direct and proximate result of such Defendants' conversion, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT XII
## CONVERSION

112. Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

113. Upon misrepresentation by Defendants, Bryan Mason and/or Bryan Mason dba Mason Construction, Plaintiff paid to Defendants certain construction draws that were not earned by Defendants.

114. Such Defendants continue to exercise dominion or control over these overpayments.

115. These overpayments constitute Plaintiff's property.

116. Plaintiff has demanded the return of the overpayment.

117. Such Defendants have refused to deliver the overpayment to Plaintiff.

118. Such Defendants' retention of the overpayment is inconsistent with Plaintiff's rights of ownership.

119.     As a direct and proximate result of such Defendants' conversion, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT XIII
## FRAUD

120.     Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

121.     Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Valley View Cabins, Inc., Eric Thompson and/or Karen Thompson, jointly and severally represented on a continuing basis to Plaintiff that they would provide construction materials to Plaintiff suitable and of necessary quality and amount to construct a log home of a particular quality and grade.  Specifically, such Defendants made numerous misrepresentations in telephone calls and e-mails that the defective materials would be replaced or could be used in some fashion, that they would provide replacements or pay for missing materials, that materials provided were of the quality and grade purchased, that all materials contracted for had been delivered and that mold could be easily removed by their recommended procedures.

122.     Such Defendants' representations were material to Plaintiff's decisions before and during the building process.

123.     Such Defendants' representations were made falsely, with knowledge of their falsity, or with such utter disregard and recklessness as to whether they were true or false that knowledge should be inferred.

124.     Such Defendants' representations were made with the intent of misleading Plaintiff into relying upon them.

125.     Plaintiff justifiably relied upon the representations.

36274.3

126.   As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT XIV
## FRAUD

127.   Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

128.   Defendants Log Home Builders, Inc. represented on a continuing basis to Plaintiff that they would provide advice, assistance, expertise and inspections in the construction process. Defendants made numerous such representations in telephone calls and e-mails.

129.   Such Defendants' representations were material to Plaintiff's decisions before and during the building process.

130.   Such Defendants' representations were made falsely, with knowledge of their falsity, or with such utter disregard and recklessness as to whether they were true or false that knowledge should be inferred.

131.   Such Defendants' representations were made with the intent of misleading Plaintiff into relying upon them.

132.   Plaintiff justifiably relied upon the representations.

133.   As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT XV
## FRAUD

134.   Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

36274.3

135. Defendants Log Home Builders, Inc. made misrepresentations with respect to, among other things, their selected builder's qualifications, their selected builder's completion of the construction dry-in, their selected builder's intent to meet his contractual obligations, the timeliness of the building process, their procurement of a replacement builder when their builder walked off the job and their providing a final inspection.

136. Such Defendants' representations were material to Plaintiff's decisions with respect to completion of the construction of her log home.

137. Such Defendants' representations were made falsely, with knowledge of their falsity, or with such utter disregard and recklessness as to whether they were true or false that knowledge should be inferred.

138. Such Defendants' representations were made with the intent of misleading Plaintiff into relying upon them.

139. Plaintiff justifiably relied upon the representations.

140. As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial.


## COUNT XVI
## FRAUD

141. Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

142. Defendants Log Home Builders, Inc. represented to Plaintiff that sufficient work had been completed in the log home construction to entitle Defendant Bryan Mason and/or Defendant Bryan Mason dba Mason Construction to a draw of funds.

36274.3

143.    Such Defendants' representations were material to Plaintiff's decision to advance such funds as a draw.

144.    Such Defendants' representations were made falsely, with knowledge of their falsity, or with such utter disregard and recklessness as to whether they were true or false that knowledge should be inferred.

145.    Such Defendants' representations were made with the intent of misleading Plaintiff into relying upon them.

146.    Plaintiff justifiably relied upon the representations.

147.    As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial.


## COUNT XVII
## FRAUD

148.    Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

149.    Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Log Home Builders, Inc., Valley View Cabins, Inc., Eric Thompson and/or Karen Thompson jointly and severally advertised, promoted using written materials and orally represented to Plaintiff that:

(1)    Such Defendants singly and aggregately manufacture, produce and/or sell log homes of high quality;

(2)    Such Defendants singly and aggregately have the experience necessary to manufacture, produce and/or sell such log homes;

36274.3

(3)     Such Defendants singly and aggregately are the industry leaders in such

manufacture, production and/or sales; and

(4)     Such Defendants singly and aggregately have the experience necessary to

build, construct and/or inspect such log homes.

150.    Such Defendants' representations were material to Plaintiff's decision to enter

into the purchase, servicing and building contracts referenced above.

151.    Such Defendants' representations were made falsely, with knowledge of their

falsity, or with such utter disregard and recklessness as to whether they were true or false that

knowledge should be inferred.

152.    Such Defendants' representations were made with the intent of misleading

Plaintiff into relying upon them.

153.    Plaintiff justifiably relied upon the misrepresentation.

154.    As a direct and proximate result, Plaintiff has been damaged in an amount to be

proven at trial.


## COUNT XVIII
## NEGLIGENT MISREPRESENTATION

155.    Plaintiff incorporates the allegations contained in preceding paragraphs of this

Complaint as if fully set forth in this paragraph.

156.    Defendants Barna and Company, Barna and Company dba Jim Barna Log

Systems, Log Home Builders, Inc., Valley View Cabins, Inc., Eric Thompson and/or Karen

Thompson jointly and severally advertised, promoted using written materials and orally

represented to Plaintiff that:

(1)     Such Defendants singly and aggregately manufacture, produce and/or sell log homes of high quality;

(2)     Such Defendants singly and aggregately have the experience necessary to manufacture, produce and/or sell such log homes;

(3)     Such Defendants singly and aggregately are the industry leaders in such manufacture, production and/or sales; and

(4)     Such Defendants singly and aggregately have the experience necessary to build, construct and/or inspect log homes.

157.     Such Defendants' oral and written representations created a duty of care to Plaintiff.

158.     Such Defendants' oral and written representations were materially false.

159.     Such Defendants thus breached their duty.

160.     Such Defendants' breach directly and proximately caused harm to Plaintiff.

161.     As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial.


## COUNT XIX
## NEGLIGENT MISREPRESENTATION

162.     Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

163.     Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Log Home Builders, Inc., Valley View Cabins, Inc., Eric Thompson, and/or Karen Thompson, jointly and severally are engaged in the business of supplying information to consumers and the public.

36274.3

164.     Plaintiff sought guidance from such Defendants with respect to a consumer transaction and relied thereon.

165.     Such Defendants thereby assume a duty of care to supply information that is truthful and complete to the best of their knowledge.

166.     Such Defendants failed to exercise care to supply truthful and complete information to Plaintiff on a continuing basis and thus breached their duty.  The failure to supply truthful and complete information included but was not limited to information regarding the quality and manufacturer origin of building materials, the experience and competency of the provided builder, and the treatment of toxic mold.

167.     Such Defendants' breach directly and proximately caused harm to Plaintiff.

168.     As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial.


## COUNT XX
## NEGLIGENCE

169.     Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

170.     Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Valley View Cabins, Inc., Eric Thompson and/or Karen Thompson jointly and severally undertook on a continuing basis to provide to Plaintiff the construction materials suitable and of the necessary quality and amount to construct a log home of a particular quality and grade.

171.     Such Defendants' undertakings created a duty of care to Plaintiff.

172.     Such Defendants failed to meet their undertakings and thus breached their duty.

36274.3

173.   Such Defendants' breach directly and proximately caused harm to Plaintiff.

174.   As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT XXI
## NEGLIGENCE

175.   Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

176.   Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Log Home Builders, Inc., Valley View Cabins, Inc., Eric Thompson, and Karen Thompson, jointly and severally undertook on a continuing basis to provide to Plaintiff advice, assistance, expertise and/or inspections in the construction process.

177.   Such Defendants' undertakings created a duty of care to Plaintiff.

178.   Such Defendants failed to meet their undertakings and thus breached their duty.

179.   Such Defendants' breach directly and proximately caused harm to Plaintiff.

180.   As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT XXII
## NEGLIGENCE

181.   Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

182.    Defendants Bryan Mason and/or Bryan Mason dba Mason Construction jointly and severally undertook on a continuing basis to provide to Plaintiff the services of building a log home.

183.    Such Defendants' undertakings created a duty of care to Plaintiff.

184.    Such Defendants failed to meet their undertakings and thus breached their duty.

185.    Such Defendants' breach directly and proximately caused harm to Plaintiff.

186.    As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial.


## COUNT XXIII
## BREACH OF WARRANTY

187.    Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

188.    Defendant Eric Thompson and/or Defendant Valley View Cabins, Inc. sold certain goods, i.e. log home products and construction materials to Plaintiff.

189.    Defendant Eric Thompson and/or Defendant Valley View Cabins, Inc. were merchants under Ohio Rev. Code § 1302.01 (A)(5) and T.C.A. §47-2-314.

190.    Pursuant to Ohio Rev. Code § 1302.27 and T.C.A. §47-2-314, such sale included an implied warranty that the goods were merchantable.

191.    The goods were not merchantable because they (a) did not pass without objection in the trade under the contract description, (b) were not fit for the ordinary purposes for which the goods are used, and (c) did not run within the variations permitted by the agreement of even quality among all units involved.

192.    Defendant Eric Thompson and/or Defendant Valley View Cabins, Inc. were given reasonable opportunities to cure the defects.

193.    Defendant Eric Thompson and/or Defendant Valley View Cabins, Inc. failed within a reasonable time to cure the defects by repair, replacement or otherwise.

194.    As a direct and proximate result of Defendant Eric Thompson's and/or Defendant Valley View Cabins, Inc.'s breach of warranty, Plaintiff has been damaged in an amount to be proven at trial.

<u>**COUNT XXIV**</u>
<u>**BREACH OF WARRANTY**</u>

195.    Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

196.    Defendant Barna and Company and/or Defendant Barna and Company dba Jim Barna Log Systems sold certain goods, i.e. log home products and construction materials to Plaintiff.

197.    Defendant Barna and Company and/or Defendant Barna and Company dba Jim Barna Log Systems were merchants under Ohio Rev. Code § 1302.01(A)(5) and T.C.A. §47-2-314.

198.    Pursuant to Ohio Rev. Code § 1302.27 and T.C.A. §47-2-314, such sale included an implied warranty that the goods were merchantable.

199.    The goods were not merchantable because they (a) did not pass without objection in the trade under the contract description, (b) were not fit for the ordinary purposes for which the goods are used, and (c) did not run within the variations permitted by the agreement of even quality among all units involved.

200.     Defendant Barna and Company and/or Defendant Barna and Company dba Jim Barna Log Systems were given reasonable opportunities to cure the defects.

201.     Defendant Barna and Company and/or Defendant Barna and Company dba Jim Barna Log Systems failed within a reasonable time to cure the defects by repair, replacement or otherwise.

202.     As a direct and proximate result of Defendant Barna and Company's and/or Defendant Barna and Company dba Jim Barna Log Systems' breach of warranty, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT XXV
## BREACH OF WARRANTY

203.     Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

204.     Defendant Bryan Mason and/or Defendant Bryan Mason dba Mason Construction undertook to construct a log home for Plaintiff.

205.     Such contract contained an implied contract and/or warranty to construct the log home in a workmanlike manner.

206.     Defendant Bryan Mason and/or Bryan Mason dba Mason Construction intentionally or negligently failed to construct the log home in a workmanlike manner.

207.     Defendant Bryan Mason and/or Bryan Mason dba Mason Construction breached his contract and/or warranty to construct in a workmanlike manner.

208.     As a direct and proximate result of Defendants' breach, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT XXVI
## PRODUCT LIABILITY UNDER OHIO REV. CODE §§ 2307.71 TO 2307.80 & T.C.A. §29-28-101 ET SEQ.

209.    Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

210.    Plaintiff is a "claimant" under Ohio Rev. Code § 2307.71(A)(1).

211.    Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Valley View Cabins, Inc., Eric Thompson and/or Karen Thompson are "manufacturers," "sellers" and/or "suppliers" under Ohio Rev. Code § 2307.71(A)(9),(15) and T.C.A. §29-28-102.

212.    Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Valley View Cabins, Inc., Eric Thompson and/or Karen Thompson jointly and severally manufactured, constructed, produced and sold log homes and building construction materials, which are "products" as defined in Ohio Rev. Code § 2307.71(A)(12) and T.C.A. §29-28-102.

213.    Such Defendants jointly and severally manufactured, produced and/or constructed building construction materials and log homes that deviated in a material way from design specifications or performance standards of the manufacturer or from otherwise identical units manufactured to the same design specifications, formula, or performance standards.

214.    Such Defendants have jointly and severally caused "economic loss" and "harm" to Plaintiff as defined in Ohio Rev. Code § 2307.71(A)(2),(7) and in violation of T.C.A. §29-28-101 et seq.

215.    The defective manufacture, construction and/or production was the proximate cause of the economic loss and harm to Plaintiff.

36274.3

216.     As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial.

### COUNT XXVII
### PRODUCT LIABILITY UNDER OHIO REV. CODE §§ 2307.71 TO 2307.80 & T.C.A. §29-28-101 ET SEQ.

217.     Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

218.     Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Valley View Cabins, Inc., Eric Thompson and/or Karen Thompson jointly and severally manufactured, constructed, produced and sold log homes and building construction materials that were defective in design or formulation and the foreseeable risks associated with the design or formulation exceeded the benefits associated with the design or formulation as defined in Ohio Rev. Code § 2307.75.

219.     Such Defendants have jointly and severally caused "economic loss" and "harm" to Plaintiff as defined in Ohio Rev. Code § 2307.71(A)(2),(7) and in violation of T.C.A. §29-28-101 et seq.

220.     The defective design or formulation was the proximate cause of the economic loss and harm to Plaintiff.

221.     As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT XXVIII
## PRODUCT LIABILITY UNDER OHIO REV. CODE §§ 2307.71 TO 2307.80 & T.C.A. §29-28-101 ET SEQ.

222.     Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

223.     Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Valley View Cabins, Inc., Eric Thompson and/or Karen Thompson jointly and severally manufactured, constructed, produced and sold log homes and building construction materials that were defective due to inadequate warning or instruction (i) at the time of marketing and (ii) post-marketing, both as defined in Ohio Rev. Code § 2307.76, with respect to the risk of hazardous or toxic substances, including but not limited to toxic mold.

224.     Such Defendants have jointly and severally caused "economic loss" and "harm" to Plaintiff as defined in Ohio Rev. Code § 2307.71(A)(2),(7) and in violation of T.C.A. §29-28-101 et seq.

225.     The inadequate warning or instruction was the proximate cause of the economic loss and harm to Plaintiff.

226.     As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial.

227.     With respect to the toxic mold risks arising from such Defendants' manufacture, construction, production and sale of log homes and building construction materials and the risks to the health and safety of persons who would subsequently occupy such structures, such Defendants jointly and severally have manifested a flagrant disregard for the safety of persons who might be harmed by their product.

36274.3

228.     Such misconduct of Defendants should be punished by this Court by an award of punitive and exemplary damages in an amount to be determined by this Court.


## COUNT XXIX
## PRODUCT LIABILITY UNDER OHIO REV. CODE §§ 2307.71 TO 2307.80 & T.C.A. §29-28-101 ET SEQ.

229.     Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

230.     Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Valley View Cabins, Inc., Eric Thompson and/or Karen Thompson jointly and severally manufactured, constructed, produced and sold log homes and building construction materials subject to various express and implied representations and warranties.

231.     Plaintiff relied on such express and implied representations and warranties.

232.     Such Defendants jointly and severally manufactured, constructed, produced and sold log homes and building construction materials that did not conform, when it left their control, to such express and implied representations and warranties.

233.     Such Defendants have jointly and severally caused "economic loss" and "harm" to Plaintiff as defined in Ohio Rev. Code § 2307.71(A)(2),(7) and in violation of T.C.A. §29-28-101et seq.

234.     The failure to conform to the express and implied representations and warranties was the proximate cause of the economic loss and harm to Plaintiff.

235.     As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT XXX
## PRODUCT LIABILITY UNDER OHIO REV. CODE
## §§ 2307.71 TO 2307.80 - NEGLIGENCE

236.    Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

237.    Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Valley View Cabins, Inc., Eric Thompson and/or Karen Thompson jointly and severally manufactured, constructed, produced and sold log homes and building construction materials and thereby undertook a duty of care to Plaintiff with respect to the manufacture, design, formulation, warnings and instructions in connection therewith.

238.    Economic loss and harm to Plaintiff was foreseeable by such Defendants.

239.    Such Defendants failed to meet their undertakings and thus breached their duty of care.

240.    Such Defendants' breach directly and proximately caused economic loss and harm to Plaintiff.

241.    As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial.

242.    With respect to the toxic mold risks arising from such Defendants' manufacture, construction, production and sale of log homes and building construction materials and the risks to the health and safety of persons who would subsequently occupy such structures, Defendants jointly and severally have manifested a flagrant disregard for the safety of persons who might be harmed by their product.

243.    Such misconduct of Defendants should be punished by this Court by an award of punitive and exemplary damages in an amount to be determined by this Court.

## COUNT XXXI
## NEGLIGENT ENTRUSTMENT

244.     Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

245.     Defendant Barna and Company, Barna and Company dba Jim Barna Log Systems, Valley View Cabins, Inc., Eric Thompson, Karen Thompson and/or Log Home Builders, Inc. had a duty of care to ensure that their respective and collective businesses were operated by persons with the necessary training, education and experience to provide the advice undertaken to be provided by such Defendants.

246.     Such Defendants, jointly and severally, knowingly and with reckless disregard for the consequences, entrusted the operation of their respective and collective businesses to the hands of inexperienced or incompetent person or persons.

247.     This action by such Defendants resulted in such inexperienced or incompetent person or persons giving incorrect advice to Plaintiff on matters including, but not limited to, construction and building matters, toxic mold remediation and contract interpretations.

248.     Such Defendants had a duty of care to ensure that their respective and collective businesses were operated by persons with the necessary training, education and experience to provide the advice undertaken to be provided by Defendants.

249.     Thus, such Defendants breached their duties of care.

250.     As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT XXXII
## CONSUMER SALES PRACTICES ACT OF OHIO REV. CODE § 1345.01 *et seq.*

251.     Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

252.     In connection therewith, Plaintiff is a "consumer" as defined in Ohio Rev. Code 1345.01(D).

253.     Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Log Home Builders, Inc., Valley View Cabins, Eric Thompson and/or Karen Thompson are "suppliers" as defined in Ohio Rev. Code 1345.01(C) and/or engage in the business of effecting "consumer transactions."

254.     Such Defendants' dealings with Plaintiff concerning the sale of log home products and the providing of log home building services constitute "consumer transactions" as subject to and governed by the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01(A).

255.     In connection with those dealings, such Defendants knowingly committed unfair or deceptive acts or practices in violation of the Act, its implementing regulations, and/or court decisions placed in the Public Inspection File of the Ohio Attorney General prior to the events in question, including but not limited to:

(A)     Knowingly making misleading statements upon which consumers are likely to rely to their detriment;

(B)     Knowingly making misleading statements regarding the subject of a consumer transaction regarding a particular standard, quality, grade, style or model, upon which a consumer is likely to rely to their determinant; and

36274.3

(C)     Knowingly not performing work in a workmanlike manner according to standard

practices.

256.    As a result thereof, Plaintiff suffered financial loss and other damages which she

may recover pursuant to Ohio Rev. Code § 1345.09, in addition to her litigation costs and

reasonable attorney's fees.

257.    As result thereof, Plaintiff is entitled to treble damages pursuant to Ohio Rev.

Code § 1345.09.

258.    As a result thereof, Plaintiff is entitled to punitive damages.


## COUNT XXXIII
## CONSUMER SALES PRACTICES ACT OF OHIO REV. CODE § 1345.01 *et seq.*

259.    Plaintiff incorporates the allegations contained in preceding paragraphs of this

Complaint as if fully set forth in this paragraph.

260.    In connection with those dealings, Defendants Barna and Company, Barna and

Company dba Jim Barna Log Systems, Log Home Builders, Inc., Valley View Cabins, Inc., Eric

Thompson and/or Karen Thompson knowingly committed unconscionable acts or practices in

violation of the Act, its implementing regulations, and/or court decisions placed in the Public

Inspection File of the Ohio Attorney General prior to the events in question, including but not

limited to:

(A)     Knowingly requiring the consumer to enter into a consumer transaction on terms

the supplier knew were substantially one-sided in favor of the supplier;

(B)     Knowingly or unknowingly engaging in a pattern of inefficiency, incompetency

and continual stalling, resulting in the evading of the supplier's legal obligations

to the consumer; and

(C)     Knowingly not performing work in a workmanlike manner according to standard

practices.

261.    As a result thereof, Plaintiff suffered financial loss and other damages which she

may recover pursuant to Ohio Rev. Code § 1345.09, in addition to her litigation costs and

reasonable attorney's fees.

262.    As a result thereof, Plaintiff is entitled to treble damages pursuant to Ohio Rev.

Code § 1345.09.

263.    As a result thereof, Plaintiff is entitled to punitive damages


## COUNT XXXIV
## MAIL FRAUD, WIRE FRAUD AND RACKETEER
## INFLUENCED AND CORRUPT ORGANIZATIONS

264.    Plaintiff incorporates the allegations contained in preceding paragraphs of this

Complaint as if fully set forth in this paragraph.

265.    Defendants Barna and Company, Barna and Company dba Jim Barna Log

Systems, Log Home Builders, Inc., Valley View Cabins, Inc., Eric Thompson, Karen Thompson,

Bryan Mason and/or Bryan Mason dba Mason Construction, jointly and severally, knowingly

engaged in a course of conduct that constituted a scheme or artifice devised with the specific

intent to defraud consumers, including Plaintiff, and in carrying out this conduct knowingly used

the United States mail and/or interstate telephone wire in furtherance of the scheme.

266.    Defendants Barna and Company, Barna and Company dba Jim Barna Log

Systems, Log Home Builders, Inc., Valley View Cabins, Inc., Eric Thompson, Karen Thompson,

Bryan Mason and Bryan Mason dba Mason Construction used the U.S. mail and interstate

telephone wires on numerous occasions, at their places of business and otherwise, to continue to

misrepresent, mislead and defraud Plaintiff, and upon which Plaintiff relied, directly causing Plaintiff increasing damages in her attempt to complete the construction of her log home.

267. Defendants used the U.S. mail and/or interstate telephone wires to make misrepresentations to Plaintiff and forward their scheme on numerous occasions including, but not limited to, on or about November 15, 2004, November 20, 2004, November 21, 2004, November 23, 2004, November 24, 2004, December 13, 2004, December 15, 2004, December 16, 2004, December 17, 2004, December 20, 2004, January 2, 2005, January 3, 2005, January 4, 2005, January 6, 2005, January 7, 2005, January 8, 2005, January 10, 2005, January 12, 2005, January 17, 2005, January 19, 2005, January 20, 2005, January 21, 2005, January 29, 2005, February 1, 2005, February 2, 2005, February 5, 2005, February 10, 2005, February 11, 2005, February 13, 2005, February 14, 2005, February 17, 2005, February 18, 2005, February 19, 2005, February 22, 2005, February 28, 2005, March 1, 2005, March 2, 2005, March 3, 2005, March 9, 2005, March 10, 2005, April 4, 2005, April 6, 2005, April 7, 2005, April 11, 2005, April 14, 2005, April 27, 2005, July 3, 2005, July 25, 2005, August 4, 2005, August 30, 2005, September 1, 2005, September 8, 2005, October 3, 2005, October 10, 2005, and December 8, 2005.

268. Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Log Home Builders, Inc., Valley View Cabins, Inc., Eric Thompson, Karen Thompson, Bryan Mason and Bryan Mason dba Mason Construction are each a "person" as defined in 18 U.S.C. § 1961.

269. Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Log Home Builders, Inc., Valley View Cabins, Inc., Eric Thompson, Karen Thompson, Bryan Mason and Bryan Mason dba Mason Construction jointly and severally knowingly

engaged in a course of conduct as an enterprise, as defined in 18 U.S.C. § 1961, in a series of more than two related fraud, mail fraud and wire fraud acts over a period of approximately three years and continue to do so, thus engaging in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

270.     Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Log Home Builders, Inc., Valley View Cabins, Inc., Eric Thompson, Karen Thompson, Bryan Mason and Bryan Mason dba Mason Construction function through corporate structures and as a coherent group on a continuing basis.

271.     On information and belief, Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, , Log Home Builders, Inc., Valley View Cabins, Inc., Eric Thompson, Karen Thompson, Bryan Mason and Bryan Mason dba Mason Construction have engaged in the pattern of practices described herein with other consumers over a multiple year period and continue to do so.

272.     Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Log Home Builders, Inc., Valley View Cabins, Inc., Eric Thompson, Karen Thompson, Bryan Mason and Bryan Mason dba Mason Construction are employed by or associated with an enterprise that engages in interstate commerce.

273.     As a direct and proximate result of Defendants' actions, Plaintiff suffered financial loss and other damages which she may recover pursuant to 18 U.S.C. § 1964(c), in addition to her litigation costs and reasonable attorney's fees.

274.     As a direct and proximate result thereof, Plaintiff is entitled to treble damages pursuant to 18 U.S.C. § 1964(c).

## COUNT XXXV
## CORRUPT ACTIVITY UNDER OHIO REV. CODE § 2923.31 *et seq.*

275.     Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

276.     Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Log Home Builders, Inc., Valley View Cabins, Inc., Eric Thompson, Karen Thompson, Bryan Mason and/or Bryan Mason dba Mason Construction jointly and severally, knowingly engaged in a course of conduct that constituted association with an enterprise, as defined in Ohio Rev. Code § 2923.31(C), and conduct or participation, directly or indirectly, in the affairs of such enterprise through a pattern of corrupt activity, as defined in Ohio Rev. Code § 2923.31(E).

278.     Such Defendants constitute a group of persons associated in fact.

279.     Such Defendants' conduct over a multiple year time frame related to the affairs of the same enterprise and were not so closely related to each other and connected in time and place to constitute a single event.

280.     Such Defendants engaged in conduct constituting racketeering activity as alleged in Count XXXIV.

281.     Such Defendants, jointly and severally, knowingly exerted control over property, with a value exceeding $5,000, without the consent of the owner, *i.e.*, Plaintiff, in violation of Ohio Rev. Code § 2913.02.

282.     As a direct and proximate result of Defendants' actions, Plaintiff suffered financial loss and other damages which she may recover pursuant to Ohio Rev. Code § 2923.34(B), in addition to her reasonable attorney fees under Ohio Rev. Code § 2923.34(G).

283.     As a direct and proximate result thereof, Plaintiff is entitled to triple the actual damages she sustained pursuant to Ohio Rev. Code § 2923.34(F).

## COUNT XXXVI
## DAMAGES FOR THEFT UNDER OHIO REV. CODE §2307.61

284.    Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

285.    Plaintiff paid for construction materials that Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Eric Thompson and/or Valley View Cabins, Inc. did not deliver.

286.    These construction materials constitute the property of the Plaintiff.

287.    Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Eric Thompson and/or Valley View Cabins, Inc. continue to exercise dominion or control over these materials.

288.    The refusal of Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Eric Thompson and/or Valley View Cabins, Inc. to deliver these materials is inconsistent with Plaintiff's right to ownership.

289.    Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Eric Thompson and/or Valley View Cabins, Inc. have committed a theft offense as defined in Ohio Rev. Code § 2913.01.

290.    As a direct and proximate result of Defendants' theft offense, Plaintiff is entitled to liquidated damages pursuant to Ohio Rev. Code § 2307.61 in the amount of three times the value of these materials at the time they were the subject of the theft.

## COUNT XXXVII
## CONSPIRACY

291.    Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

292.    Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems, Log Home Builders, Inc., Valley View Cabins, Inc., Eric Thompson, Karen Thompson, Bryan Mason and/or Bryan Mason dba Mason Construction jointly and severally, knowingly have acted in concert to commit various unlawful and malicious acts described above including fraud, mail fraud, wire fraud and racketeering activity.

293.    As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial.


## COUNT XXXVIII
## TORTIOUS INTERFERENCE

294.    Plaintiff incorporates the allegations contained in preceding paragraphs of this Complaint as if fully set forth in this paragraph.

295.    Plaintiff entered into a contract with Defendant Bryan Mason as set forth in Exhibit C.

296.    Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems and Log Home Builders, Inc. knew of the existence of this contract.

297.    Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems and/or Log Home Builders, Inc. intentionally interfered in the relationship between Plaintiff and Defendant Bryan Mason causing Defendant Bryan Mason to fail to provide the services he contracted for, thus creating a breach of such contract.

36274.3

298.    The actions of Defendants Barna and Company, Barna and Company dba Jim Barna Log Systems and/or Log Home Builders, Inc. thereby directly and proximately caused harm to Plaintiff.

299.    As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial.

## DEMAND

ACCORDINGLY, Plaintiff respectfully requests that this Court:

1.    Empanel a Jury of 12 to hear this case.

2.    Award Plaintiff damages in the approximate principal amount of $750,000, or such other amount as proven in this action, together with costs, any applicable interest and any applicable attorney's fees.

3.    Award Plaintiff punitive and exemplary damages under Counts XXVIII and XXX.

4.    Award Plaintiff treble damages under Counts XXXII and XXXIII.

5.    Award Plaintiff treble damages under Count XXXIV.

6.    Award Plaintiff triple damages under Count XXXV.

7.    Award Plaintiff triple damages under Count XXXVI.

8.    Award Plaintiff punitive damages on all Counts.

9.    Grant such other and further relief in Plaintiff's favor as the Court deems appropriate.

36274.3

Respectfully submitted,


/s/ Randall J. Spivey
Randall J. Spivey
Williams & Prochaska, P.C.
401 Church Street, Suite 2600
Nashville, TN 37219
(615) 255-8683

and

Darrell L. Dreher
Dreher Langer & Tomkies L.L.P.
2250 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 628-1601