IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SUSAN L. OSTRANDER POLZIN,       )
          Plaintiff       )
          v.              )    No. 3:07-cv-127
                          )    (Phillips/Shirley)
BARNA AND COMPANY, *et al.*,     )
          Defendants      )

## **MEMORANDUM OPINION**

This matter is presently before the court on the following motions filed by plaintiff:

    1.    Motion to alter or amend judgment of dismissal [Doc. 33]; and

    2.    Motion to amend complaint [Doc. 36].

The issues raised have been exceptionally well briefed by the parties [*see* Docs. 35, 36, 38, 39, 40, and 41][1] so that this matter is now ripe for adjudication.[2] For the reasons that follow,

---

[1] In addition to the briefs, plaintiff has filed three affidavits in support of her position [*see* Doc. 34].

[2] The court notes for the record that plaintiff has requested oral argument on her motion to alter or amend the judgment of dismissal [*see, e.g.,* Doc. 33, p.1]; however, once again, "the court

plaintiff's motions will be denied.

I.

This action arises out of the 2004 purchase of a log home package and related services for the home's construction by plaintiff Susan L. Ostrander Polzin, an Ohio attorney. More specifically, the record reflects that plaintiff, on April 10, 2007, filed a forty-four page complaint against five Tennessee defendants and three Ohio defendants, alleging a total of thirty-eight causes of action, many of which are pursuant to various Ohio statutes [*see* Doc. 1]. As is apparent from the complaint, complete diversity between plaintiff and the defendants does not exist; rather, the sole basis for federal jurisdiction is set forth in Count XXXIV, which alleges violations of the Racketeer Influenced and Corrupt Organizations Act (civil RICO), 18 U.S.C. § 1962(c) [*see id.*, pp.38-40].

In response to the complaint, defendants Barna and Company, Barna and Company, d/b/a Jim Barna Log Systems, and Log Home Builders, Inc. (the Barna defendants), on May 23, 2007, filed a motion to dismiss [Doc. 19] and a supporting memorandum [Doc. 20]. Also, on that same day, defendants Bryan Mason and Bryan Mason, d/b/a Mason Construction, filed a similar motion to dismiss, adopting the Barna defendants' supporting memorandum [*see* Doc. 21]. The very next day, defendants Eric

---

finds that oral argument would not be particularly helpful because of the superior quality of the briefs." [*See* Doc. 26, p.2 n.2].

Thompson, Karen Thompson, and Valley View Cabins, Inc., filed an identical motion to dismiss, likewise adopting the Barna defendants' brief [*see* Doc. 22]. On June 12, 2007, plaintiff timely responded to defendants' motions, filing a fifteen page brief in opposition [*see* Doc. 23]. Plaintiff did not, however, file any attachments or affidavits to her response [*see id.*].

In the meantime, on June 6, 2007, the trial judge originally assigned to this case, the Honorable James H. Jarvis, II, passed away. This case was then randomly reassigned to the undersigned on June 21, 2007, by order of Chief Judge Curtis L. Collier [*see* Doc. 24].

Because of the influx of dozens of other cases from Judge Jarvis' docket and because of the already heavy demands of this court's civil and criminal dockets, this court was unable to consider the merits of defendants' motions for several months. Nevertheless, on September 14, 2007, this court filed a nineteen page memorandum opinion [Doc. 26] and order [Doc. 27] which dismissed with prejudice plaintiff's civil RICO cause of action and dismissed without prejudice the remaining thirty-seven state law causes of action. In particular, this court determined that dismissal of the civil RICO action was appropriate pursuant to Fed. R. Civ. P. 9(b) for plaintiff's failure to set forth specific acts of fraudulent behavior by these defendants and also proper pursuant to Fed. R. Civ. P. 12(b)(6) for her failure to set forth facts sufficient to show a threat of continuing criminal activity, having

neither alleged continuity from a "close-ended" perspective nor from a "open-ended" perspective. To reiterate, even though defendants' motions had been pending for almost four months when this case was dismissed, there was no motion filed by plaintiff seeking leave to supplement her response by any further filings. Neither did plaintiff file a motion to amend her deficient complaint.

However, that was certainly not the case after this court issued its September 14th opinion. Exactly nine working days after the dismissal, plaintiff timely filed her motion to alter or amend the judgment of dismissal pursuant to Fed. R. Civ. P. 59(e) [*see* Doc. 33] and her corresponding motion to amend the complaint [*see* Doc. 36]. The most amazing dimension of this filing is that plaintiff, in that short period of time, was able to attach eleven complaints filed in Tennessee, Ohio, Alabama, North Carolina, and South Carolina which, according to plaintiff, comprise similar allegations against these defendants, all in an attempt to circumvent the previous findings of this court in the September 14th opinion [*see* Doc. 35-5 through 35-14].

II.

It is well settled that a judgment may generally be altered or amended for one of four reasons: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; and (4) to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Here, plaintiff contends

that these eleven complaints brought by various individuals in these five states against numerous defendants[3] constitute the extraordinary circumstance of "newly discovered evidence" of the civil RICO violation alleged in this case. The court is of a different mindset, however.

First, the court is inclined to agree with the defendants that these eleven other complaints are not even evidence, much less "newly discovered evidence." Rather, these complaints contain only allegations and allegations are not evidence. *See* Fed. R. Civ. P. 7(a); *Gooden v. City of Memphis Police Dept.*, 67 Fed. Appx. 893, 895 (6th Cir. 2003) (holding that conclusory allegations and unsubstantiated assertions "are not evidence"). Moreover, many of the complaints relied on by plaintiff are not verified; in fact, one complaint is unsigned [*see* Doc. 35-9, p.12]. Consequently, since an unverified complaint "may not be used as evidence to consider at the summary judgment stage," it likewise may not be used as evidence at the Rule 12 motion stage. *Jones v. Barnett*, 2007 WL 522705, at *2 (E.D. Mich. 2007) (citing *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995)). Therefore, the majority, if not all, of plaintiff's exhibits are not evidence and cannot constitute a sufficient basis upon which to grant her Rule 59(e) motion.

---

[3]Notably, the only defendants in this action also referenced in the eleven other complaints are the Barna defendants.

Second, "Rule 59(e)'s new-evidence prong required [plaintiff] to show that due diligence would not have uncovered this evidence before the court ruled on the ... motion." *Scott v. Metropolitan Health Corp.*, 234 Fed. Appx. 341, 2007 WL 1028853 (6th Cir. 2007). In order to meet this burden, plaintiff asserts in her affidavit that she was unable to obtain copies of the complaints despite her best efforts [*see* Doc. 34-2]. However, plaintiff's affidavit is noticeably silent regarding either the date when she learned of the existence of other complaints or what specific efforts she made to obtain those complaints. Furthermore, all of these complaints are several years old and are a matter of public record; in fact, plaintiff admits in her affidavit that she had several conversations with others who were involved in these lawsuits against these defendants [*see id.*, ¶¶ 3, 5, and 7]. Yet, plaintiff offers no satisfactory explanation as to why she failed to bring these lawsuits to the court's attention much sooner. Plaintiff's position on this issue is further undermined by the fact that she was able to produce pounds of documents within two weeks of the entry of this court's memorandum opinion and order but was inexplicably unable to do so during the four months while defendants' motions were pending. "Motions to reconsider must rely on new evidence and not information readily available during the prior proceedings." *Amer. Marietta Corp. v. Essroc Cement Corp.*, 59 Fed. Appx. 668, 672 (6th Cir. 2003).

Plaintiff also argues that this court should grant her Rule 59(e) motion because it is accompanied by a Rule 15 motion to amend and the Federal Rules permit liberal amendment of pleadings [*see* Doc. 35, p.8]. However, that rule of liberality with respect to

motions to amend is analyzed differently when it is made after dismissal. "Although leave to amend a complaint should be granted liberally when the motion is made pretrial, different considerations apply to motions filed after dismissal." *Russell v. GTE Gov't Sys. Corp.*, 141 Fed. Appx. 429, 436 (6th Cir. 2005) (quoting *In re: GM Motors Corp. Antilock Brake Prods. Liab. Litig.*, 174 F.R.D. 444, 446 (E.D. Mo. 1997), *aff'd*, 172 F.3d 623 (8th Cir. 1999)). "Amendments after judgment should only be allowed if the standards under Rule 59(e) ... are met." *Id.* (citing *Twohy v. First Nat. Bank of Chicago*, 758 F.2d 1184, 1196 (7th Cir. 1985) (additional citation omitted)). Rule 59(e) motions run contrary to motions of finality and repose and should be generally discouraged; they should afford relief only under extraordinary circumstances. Plaintiff has failed to demonstrate any such extraordinary circumstances and her Rule 15 motion to amend does not enjoy the usual liberality standard afforded to pretrial motions to amend. This motion too will be denied.

In ruling as it has, the court is compelled to make two final observations. First, no manifest injustice will result to plaintiff. This court dismissed only her civil RICO cause of action with prejudice – plaintiff still has thirty-seven other causes of action which are viable and which may be refiled in the appropriate state court. Plaintiff, therefore, has more than ample remedies pursuant to the plethora of causes of action which remain.

Second, this court based its dismissal of plaintiff's civil RICO claim, in part, on the lack of the "pattern" element, which therefore pretermitted discussion of the remaining

elements of civil RICO. However, this court is of the further opinion that this complaint, even in its proposed amended form, fails to state a civil RICO claim regarding the element of "enterprise."

RICO defines an enterprise as "any individual, partnership, corporation, association, or other legal entity, or any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Thus, an enterprise can be either a legal entity, such as a corporation, or an association-in-fact. *See Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir. 1995) (citation omitted). In *United States v. Turkette*, 452 U.S. 576 (1981), the Supreme Court defined an association-in-fact as "a group of persons associated together for a common purpose of engaging in a course of conduct." *Id.* at 583. Here, plaintiff alleges that all of these defendants are associated together as the enterprise. The existence of an enterprise "is proved by evidence of an on-going organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Id.*

To constitute a RICO enterprise, an association-in-fact:

1. must be an ongoing organization;
2. its members must function as a continuing unit; and
3. it must be separate from the pattern of racketeering activity in which it engages.

8

*Frank v. D'Ambrosi*, 4 F.3d 1378, 1386 (6th Cir. 1993) (per curiam) (citing *Turkette*). The "ongoing organization" requirement is co-extensive with the existence of an organizational structure.

> To satisfy [the ongoing organization] element, the [plaintiff] must show that some sort of structure exists within the group for the making of decisions, whether it be hierarchal or consensual. There must be some mechanism for controlling and directing the affairs of the group on an on-going, rather than an ad hoc, basis. This does not mean that every decision must be made by the same person, or that authority may not be delegated.

*United States v. Riccobene*, 709 F.2d 214, 222 (3rd Cir. 1983), *overruled on other grounds*, *Griffin v. United States*, 502 U.S. 46 (1991). Structure is "[t]he hallmark of an enterprise." *United States v. Rogers*, 89 F.3d 1326, 1337 (7th Cir. 1996) (citation omitted), *cert. denied*, 519 U.S. 999 (1996). "An enterprise cannot simply be the undertaking of the acts of racketeering, neither can it be the minimal association which surrounds these acts. *United States v. Bledsoe*, 674 F.2d 647, 664 (8th Cir.), *cert. denied*, 459 U.S. 1040 (1982). As the Sixth Circuit has recently observed:

> The district court correctly recognized that the [elements of an association-in-fact] have been interpreted to require a certain amount of organizational structure which eliminates simple conspiracies from [RICO's] reach. That is, simply conspiring to commit a fraud is not enough to trigger [RICO] if the parties are not organized in a fashion that would enable them to function as a racketeering organization for other purposes. Plaintiffs' brief agrees, noting that the "hallmark of a RICO enterprise is its ability to exist apart from the pattern of wrongdoing."

9

*VanDenBROECK v. Commonpoint Mortg. Co.,* 210 F.3d 696, 699 (6th Cir. 2000).

Even in her proposed amended complaint [*see* Doc. 36-2, pp.39-59], plaintiff has not, in the court's opinion, set forth facts which reach the necessary threshold of "something more" than a simple conspiracy. At most, plaintiff has alleged a simple conspiracy surrounding this single log home construction contract. But that is not enough in the Sixth Circuit. *See id.* Moreover, it is difficult for the court to comprehend how some sort of complex conspiracy exists among the defendants in this case when, as all of the other complaints indicate, the only common denominator in those complaints is the group of Barna defendants. None of these other defendants set forth in this case are named as defendants in the other lawsuits. All of this makes it difficult, if not impossible, for plaintiff to allege that the defendants in this case comprise an organizational structure sufficient to satisfy a civil RICO racketeering organization when they are not mentioned as a viable enterprise in the other cases. For this additional reason, the court concludes that this complaint still falls considerably short of alleging a civil RICO conspiracy among these defendants. Plaintiff is persisting in trying "to fit a square peg in a round hole by squeezing garden-variety business disputes into civil RICO actions." *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1025 (7th Cir. 1992). And this court continues to reject plaintiff's ill-advised efforts in that regard.

III.

For the reasons foregoing, plaintiff's motion to alter or amend the judgment of dismissal and her motion to amend will be denied.

Order accordingly.

                                                  *s/ Thomas W. Phillips*
                                              UNITED STATES DISTRICT JUDGE