NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 08-5089

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 15, 2009
LEONARD GREEN, Clerk

| | |
|---|---|
| SUSAN L. OSTRANDER POLZIN, ) ) Plaintiff-Appellant, ) ) v. ) ) BARNA AND COMPANY; BARNA AND COMPANY, dba Jim Barna Log Systems; LOG HOME BUILDERS, INC.; VALLEY VIEW CABINS, INC.; ERIC THOMPSON; KAREN THOMPSON; BRYAN MASON; BRYAN MASON, dba Mason Construction, ) ) Defendants-Appellees. ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |

O R D E R

Before: SUHRHEINRICH, BATCHELDER, and SUTTON, Circuit Judges.

Susan L. Ostrander Polzin, through counsel, appeals the district court's orders dismissing her claim filed under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*., and denying her motions to alter or amend the judgment of dismissal and to amend the complaint. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Polzin's action arose out of the sale and construction of a log home package. Polzin filed a 299-paragraph complaint asserting thirty-eight causes of action against eight defendants: Barna and Company, Barna and Company dba Jim Barna Log Systems, Log Home Builders, Inc., Valley View Cabins, Inc., Eric Thompson, Karen Thompson, Bryan Mason, and Bryan Mason dba Mason Construction. Polzin's sole federal cause of action was a civil RICO claim under 18 U.S.C. § 1962(c). Her remaining causes of action asserted common law and statutory claims under state law.

The defendants moved to dismiss Polzin's civil RICO claim for failure to plead fraud with particularity pursuant to Rule 9(b) and for failure to state a claim pursuant to Rule 12(b)(6). The district court granted the defendants' motions to dismiss and dismissed Polzin's civil RICO claim with prejudice and state law claims without prejudice. Polzin moved to alter or amend the judgment of dismissal pursuant to Rule 59(e) and to amend her complaint pursuant to Rule 15(a). The district court denied Polzin's motions. This timely appeal followed.

We review de novo a district court's dismissal of a complaint for failure to state a claim, including a dismissal for failure to plead fraud with particularity. *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006). "On a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This requirement has been applied to allegations of fraud made in support of a civil RICO claim. *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 356 n.4 (6th Cir. 2008). "To satisfy Rule 9(b), a complaint of fraud, at a minimum, must allege the time, place, and content of the alleged misrepresentation on which [the plaintiff] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States ex rel. Marlar v. BWXT Y-12, L.L.C.*, 525 F.3d 439, 444 (6th Cir. 2008) (internal quotation marks omitted).

In support of her civil RICO claim, Polzin listed fifty-five specific dates on which the defendants used the United States mail or interstate telephone wires to make misrepresentations and carry out their scheme to defraud. But Polzin failed to identify with respect to any of those dates which defendant used the mail or telephone or even which method of communication was used, or what the content of these communications was. In the absence of such particulars, the district court properly held that Polzin's fraud allegations failed to satisfy Rule 9(b). *See Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992).

The district court recognized that it could allow Polzin to amend the complaint to "flesh out" the fifty-five purported incidents of mail or wire fraud but concluded that such an amendment would

be futile because even with those additional allegations, the complaint could not establish a "pattern of racketeering activity" and therefore failed to state a civil RICO claim. To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

To state a civil RICO claim under 18 U.S.C. § 1962(c), a plaintiff must allege four specific elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). A "pattern of racketeering activity" requires at least two predicate acts of racketeering activity within a ten-year period. 18 U.S.C. § 1961(5). Two predicate acts of racketeering, without more, do not establish a pattern; the plaintiff must satisfy the "continuity plus relationship" test, which requires that the predicate acts of racketeering activity be related and "amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237-39 (1989).

The district court held that Polzin failed to allege facts supporting the continuity prong of the "continuity plus relationship" test. "The requirement of 'continuity,' or a threat of continuing criminal activity, ensures that RICO is limited to addressing Congress's primary concern in enacting the statute, i.e. long-term criminal conduct." *Vemco, Inc. v. Camardella*, 23 F.3d 129, 133-34 (6th Cir. 1994). "'Continuity' is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc.*, 492 U.S. at 241.

Closed-ended continuity may be demonstrated "by proving a series of related predicates extending over a substantial period of time." *Id.* at 242. In *Vemco, Inc.*, this court held that allegations of a single scheme to defraud a single victim surrounding one construction project through predicate acts over seventeen months did not establish closed-ended continuity. 23 F.3d at 134; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 726 (6th Cir. 2006). Polzin likewise alleged a single scheme to defraud a single victim involving the sale and construction of one log home package through predicate acts of mail and wire fraud over a shorter period of time -- a thirteen-month period from November 15, 2004, to December 8, 2005.

Open-ended continuity may be demonstrated where "the predicate acts or offenses are part of an ongoing entity's regular way of doing business." *H.J. Inc.*, 492 U.S. at 242. Polzin alleged:

"On information and belief, [the defendants] have engaged in the pattern of practices described herein with other consumers over a multiple year period and continue to do so." In *Moon*, the plaintiff similarly alleged that "[o]n information and belief, one or more members of the enterprise engaged in similar acts to defraud other persons of their workers' compensation benefits." 465 F.3d at 727. This court held that the plaintiff's allegations did not support the notion that the alleged fraud was the defendants' regular way of doing business: "Drawing all reasonable inferences in Moon's favor may lead us to conclude that several instances of similar conduct have occurred, but they do not support a systematic threat of ongoing fraud." *Id*. at 727-28. Likewise, Polzin's allegations indicate that the defendants may have treated other consumers similarly, but do not support the conclusion that the defendants engaged in fraudulent acts as a regular way of doing business.

Polzin failed to allege facts that would satisfy this circuit's requirement for demonstrating closed- or open-ended continuity. *See id.* at 724-28; *Vemco, Inc*., 23 F.3d at 134-35. Because Polzin did not allege facts establishing the requisite "pattern of racketeering activity," the district court properly dismissed her civil RICO claim.

Polzin argues that the district court erred in refusing her initial request to amend her complaint, which was contained in her response to the defendants' motions to dismiss. "[A] bare request in an opposition to a motion to dismiss - without any indication of the particular grounds on which amendment is sought - does not constitute a motion within the contemplation of Rule 15(a)." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004) (internal quotation marks and citation omitted). "We disfavor such a bare request in lieu of a properly filed motion for leave to amend." *Id*. Without a properly filed motion for leave to amend, the defendants were entitled to a review of the complaint as filed, and Polzin was not entitled to an advisory opinion pointing out the complaint's deficiencies and an opportunity to cure those deficiencies. *See Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000). The district court acted within its discretion in not granting Polzin leave to amend her complaint before dismissing the case. *See PR Diamonds, Inc.*, 364 F.3d at 699; *Begala*, 214 F.3d at 784.

Following entry of final judgment, a party may not seek leave to amend the complaint without first moving to alter or amend the judgment. *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002). Except where the denial is based on the futility of the amendment, we review for abuse

of discretion a district court's denial of a motion for leave to amend the complaint under Rule 15(a). *Evans v. Pearson Enters., Inc*., 434 F.3d 839, 853 (6th Cir. 2006). And we review for abuse of discretion the district court's denial of a motion to alter or amend a judgment under Rule 59(e). *Intera Corp. v. Henderson*, 428 F.3d 605, 619 (6th Cir. 2005). "Where a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and Rule 59 inquiries turn on the same factors." *Morse*, 290 F.3d at 799.

While "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), denial of leave to amend the complaint may be appropriate where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the post-judgment context, the court "must also take into consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation" and "must be particularly mindful of not only potential prejudice to the non-movant, but also the movant's explanation for failing to seek leave to amend prior to the entry of judgment." *Morse*, 290 F.3d at 800 (internal quotation marks omitted).

In support of her motions to alter or amend the judgment of dismissal and to amend the complaint, Polzin asserted that she could satisfy RICO's continuity requirement in light of newly discovered evidence -- eleven other lawsuits raising similar claims against Barna and Company, Barna and Company dba Jim Barna Log Systems, and Log Home Builders, Inc. ("the Barna defendants"). The district court held that the eleven complaints attached to Polzin's motion to alter or amend the judgment did not constitute evidence as they contained only allegations. The district court further held that Polzin offered no satisfactory explanation as to why she failed to bring these lawsuits to the court's attention sooner. In her affidavit, Polzin admitted that she was aware of other lawsuits against the Barna defendants before she filed her complaint and stated that her attorneys "attempted to track down this information without success." Polzin claimed that after the dismissal, she contacted an attorney who had filed two similar cases and obtained the materials relating to the eleven other lawsuits. As the district court noted, the complaints are several years old, dating back to 1988, and are public record. The district court also pointed out that Polzin produced the eleven complaints, "pounds of documents," within two weeks of the dismissal of her case but was

purportedly unable to do so during the four months that the defendants' motions to dismiss were pending. Given Polzin's delay in providing this information to the court and her failure to provide a satisfying explanation for that delay, the district court did not abuse its discretion in denying her motions to alter or amend the judgment of dismissal and to amend the complaint. *See Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 613 (6th Cir. 2005).

In denying Polzin's motions, the district court further held that her proposed amended complaint failed to state a civil RICO claim regarding the element of "enterprise." An "enterprise" is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). An association-in-fact is "a group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (1981). "To satisfy the enterprise requirement, an association-in-fact must be an ongoing organization, its members must function as a continuing unit, and it must be separate from the pattern of racketeering activity in which it engages." *Frank v. D'Ambrosi*, 4 F.3d 1378, 1386 (6th Cir. 1993). "'Continuity of structure exists where there is an organizational pattern or system of authority that provides a mechanism for directing the group's affairs on a continuing, rather than ad hoc, basis.'" *United States v. Tocco*, 200 F.3d 401, 425 (6th Cir. 2000) (quoting *United States v. Kragness*, 830 F.2d 842, 856 (8th Cir. 1987)). Requiring a certain amount of organizational structure eliminates simple conspiracies from RICO's reach: "That is, simply conspiring to commit a fraud is not enough to trigger the Act if the parties are not organized in a fashion that would enable them to function as a racketeering organization for other purposes." *VanDenBroeck v. CommonPoint Mortgage Co.*, 210 F.3d 696, 699 (6th Cir. 2000), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 128 S. Ct. 2131 (2008).

In her proposed amended complaint, Polzin did not allege any organizational structure including Bryan Mason and Bryan Mason dba Mason Construction. Her allegation that the Barna defendants entered into a distributor agreement with the Thompsons and/or Valley View Cabins, Inc. is merely an allegation that they had a business relationship and not that they functioned as a continuing unit. *See VanDenBroeck*, 210 F.3d at 700. The eleven other complaints referenced in and attached to Polzin's proposed amended complaint mention only the Barna defendants and therefore fail to demonstrate that "the behavior of the listed entities is 'coordinated' in such a way

that they function as a 'continuing unit.'" *Begala*, 214 F.3d at 782. As Polzin's proposed amended complaint failed to allege facts showing "ongoing, coordinated behavior among the defendants," *Frank*, 4 F.3d at 1386, the district court properly held that the proposed amended complaint failed to state a civil RICO claim and that amendment was therefore futile.

Finally, Polzin asserts that the district court abused its discretion by failing to address her request to amend the complaint to assert a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. Polzin's motions to alter or amend the judgment and to amend the complaint failed even to mention this new claim, let alone provide an explanation for failing to bring this claim earlier. The district court did not abuse its discretion in not addressing a new cause of action buried in Polzin's sixty-six page proposed amended complaint.

For the foregoing reasons, we affirm the district court's orders. The motion of Valley View Cabins, Inc., Eric Thompson, and Karen Thompson to adopt the final brief of the Barna defendants is granted.

ENTERED BY ORDER OF THE COURT

Leonard Green
Clerk

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Leonard Green | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: April 15, 2009

Mr. Stephen A. Marcum
Baker, Donelson, Bearman, Caldwell & Berkowitz
One Courthouse Square
Huntsville, TN 37756

Mr. Michael Patrick McGovern
McGovern Law Firm
PO Box 5536
Knoxville, TN 37918-0000

Mr. David M. Sanders
Spicer, Flynn & Rudstrom
800 S. Gay Street
Suite 1400
Knoxville, TN 37929

Mr. Mark W. Strange
Strange & Jones
19461 Alberta Street
P.O. Box 5270
Oneida, TN 37841

Mr. Sabin R. Thompson
Williams & Prochaska
401 Church Street
Suite 2600 L&C Tower
Nashville, TN 37219

Re: Case No. 08-5089, *Susan Ostrander Polzin v. Barna and Company, et al*
Originating Case No. : 07-00127

Dear Sir or Madam,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Cheryl Borkowski
Case Manager
Direct Dial No. 513-564-7035
Fax No. 513-564-7094

cc: Ms. Patricia L. McNutt

Enclosure

Mandate to issue